IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 8-9-2005
TIME: 3:38 pm
INITIALS: _J.H._

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 02-20165-D |
| GEOFFREY L. FELDMAN, | * | |
| Defendant. | * | |
| | * | |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

In Indictment Number 02-20165-D, the United States sought forfeiture of specific property of defendant Geoffrey L. Feldman pursuant to 18 U.S.C. §1963. On August 9, 2005, the defendant entered a plea of guilty to a substantive violation of the RICO statute, 18 U.S.C. §1962, as charged in Count 1 of the indictment. The defendant also agreed to forfeit to the United States the sum of five hundred thousand dollars ($500,000.00) in satisfaction of his forfeiture liability as charged in the forfeiture provision of the indictment Accordingly, it is **ORDERED**:

1.  Based upon the defendant's plea of guilty as to Count 1 of Indictment Number 02-20165-D, the United States is authorized, subject to the terms and conditions of this order, to seize the following property belonging to defendant Geoffrey L. Feldman, and his interest in it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. §853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure:

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _8/10/05_

595

> The sum of five hundred thousand dollars ($500,000.00) in U.S. funds, such forfeiture to be paid into the U.S. Marshal's Seized Asset Deposit Fund and shall be due and payable as follows: two hundred thousand dollars ($200,000.00) in U.S. funds to be paid at the time of the defendant's sentencing. Thereafter, one hundred thousand dollars ($100,000.00) in U.S. funds will be paid annually on the same date as the defendant's sentencing

2.  Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal shall publish at least once a week for three successive weeks in a newspaper of general circulation in Shelby County, Tennessee, notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General or his delegate may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States Marshal or his delegate may use the attached Legal Notice.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 9 day of August, 2005.

BERNICE B. DONALD
United States District Judge

3

APPROVED AND CONSENTED:

TERRELL L. HARRIS
United States Attorney

By: *(signature)*

CHRISTOPHER E. COTTEN
Assistant United States Attorney

*(signature)*

MICHAEL KOBLENZ
Attorney for the Defendant

*(signature)*

RICHARD M. CARTER
Attorney for the Defendant

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff, | * | |
| v. | * | Crim. No. 02-20165-D |
| Geoffrey L. Feldman, | * | |
| Defendant. | * | |
| | * | |

## LEGAL NOTICE

Take notice that on _____, the United States District Court for the Western District of Tennessee, Western Division, entered a Preliminary Order of Forfeiture ordering that all right, title and interest of the defendant Geoffrey L. Feldman in the following property be forfeited to the United States to be disposed of in accordance with law:

> The sum of five hundred thousand dollars ($500,000.00) in U.S. funds, such forfeiture to be paid into the U.S. Marshal's Seized Asset Deposit Fund and shall be due and payable as follows: two hundred thousand dollars ($200,000.00) in U.S. funds to be paid at the time of the defendant's sentencing. Thereafter, one hundred thousand dollars ($100,000.00) in U.S. funds will be paid annually on the same date as the defendant's sentencing

The United States intends to dispose of this property in such matter as the Attorney General or his delegate may direct. Any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of this notice or of receipt of actual notice, whichever is

earlier. The petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and relief sought.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 595 in case 2:02-CR-20165 was distributed by fax, mail, or direct printing on August 10, 2005 to the parties listed.

---

David E. Wilson
MCKAY CHADWELL, PLLC
600 University
Ste 1601
Seattle, WA 98101

Michael R. Koblenz
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Robert G. Chadwell
MCKAY CHADWELL PLLC
600 University St.
Ste. 1601
Seattle, WA 98101

Glenn Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Robert W. Ritchie
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Stephen Ross Johnson
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901--112

David W. Kenna
MOUND COTTON WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004--148

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Wade V. Davies
RITCHIE FELS & DILLARD, P.C.
606 W. Main St.
Ste. 300
Knoxville, TN 37901

Michael B. Neal
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Christopher E. Cotten
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Honorable Bernice Donald
US DISTRICT COURT